UNITED STATES of America ex rel.
Alexander MURPHY, Appellant,

v.

The STATE OF NEW JERSEY and War-
ren Pinto, Superintendent of New
Jersey State Prison Farm.

No. 15824.

United States Court of Appeals
Third Circuit.

Submitted on Briefs Oct. 18, 1966.

Decided Nov. 1, 1966.

Certiorari Denied March 13, 1967.
See 87 S.Ct. 1044.

Alexander Murphy, pro se.

Raymond R. Trombadore, Deputy Atty.
Gen., Somerville, N. J., for appellee.

Before MARIS, McLAUGHLIN and
KALODNER, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

In this habeas corpus proceeding the
relator asserts that he was convicted in
New Jersey of larceny through the use of
evidence obtained in the course of an
illegal search by the police of an automo-
bile which he was driving. The issue was
raised by him on appeal from his con-
viction to the Appellate Division of the
Superior Court of New Jersey and was
exhaustively considered by that court in
the light of the relevant authorities and
was rejected. State v. Griffin, 1964, 84
N.J.Super. 508, 202 A.2d 856. The ques-
tion was independently considered by the
district court in the present proceeding
and is fully discussed in a comprehensive
opinion filed in that court by Judge Shaw,
260 F.Supp. 987, with which we are in
complete accord.

The order of the district court will be
affirmed.

1. See also Boynton v. State of Alabama,
5 Cir., 1966, 366 F.2d 511; Collins v.
City of Jackson, 5 Cir., 1966, 363 F.2d

Stokely CARMICHAEL et al., Appellants,

v.

CITY OF GREENWOOD, MISSISSIPPI,
Appellee.

No. 22289.

United States Court of Appeals
Fifth Circuit.

Oct. 28, 1966.

Benjamin E. Smith, New Orleans, La.,
L. H. Rosenthal, Jackson, Miss., for
appellants.

Hadry Lott, Greenwood, Miss., for
appellee.

Before RIVES, BROWN and WIS-
DOM, Circuit Judges.

PER CURIAM:

Subsequent to our order of September
30, 1965, 352 F.2d 86, reversing and
remanding the case to the District Court
for further proceedings, this Court twice
stayed the mandate pending final dispo-
sition by the Supreme Court of the case
of City of Greenwood v. Peacock (Pea-
cock v. City of Greenwood, Mississippi),
384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d
944. Decided June 20, 1966. In *Peacock*,
the Supreme Court held that grounds for
removal of civil rights cases to the
United States District Court under 28
U.S.C. § 1443 do not include such grounds
as are alleged in this case. Therefore,
as in Miller v. State of Mississippi, 5
Cir., 1966, 363 F.2d 878,[1] the Appellee's
petition for rehearing is granted and the
judgment of the District Court

Affirmed.

873; Crawford v. State of Mississippi, 5
Cir., 1966, 363 F.2d 874; Dunlap v. City
of Vicksburg, 5 Cir., 1966, 363 F.2d 873.